UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMELIA SAPPHIRE, individually and as class representative,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>Defendant. | Case No.<br><br>King County Superior Court<br>Case No. 22-2-19510-0 SEA<br><br>NOTICE OF REMOVAL<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

PLEASE TAKE NOTICE that pursuant to §§ 1332, 1441, and 1446, Defendant Fred Meyer Stores, Inc. ("Fred Meyer" or "Defendant"), by and through its undersigned counsel, hereby removes the above-captioned matter from the Superior Court of Washington for King County to the United States District Court of Washington for the Western District of Washington, Seattle Division, on the following grounds.

## PROCEDURAL BACKGROUND

1.   On November 23, 2022, Plaintiff Amelia Sapphire ("Sapphire" or "Plaintiff") filed a civil action against Defendant in the Superior Court of the State of Washington for King County ("Circuit Court"), entitled *Amelia Sapphire v. Fred Meyer Stores, Inc.,* Case No. 22-2-19510-0-SEA (the "Lawsuit"), seeking unspecified compensatory damages,

NOTICE OF REMOVAL - 1
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

interest, costs, and attorney fees. The Complaint asserted various claims for unpaid wages under Washington's wage-and-hour laws.

2.  Defendant was served with a copy of the Complaint on November 28, 2022. True and correct copies of the operative complaint and all process, pleadings, and orders served on Defendant are being filed concurrently with this notice.

3.  On December 19, 2022, Defendant filed to remove this action to the United States District Court of Washington for the Western District of Washington, Case No. 2:22-cv-01795 under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff filed a motion to remand on December 21, 2022.

4.  On February 28, 2023, this Court granted in part and denied in part Plaintiff's motion, remanding this action to the Superior Court of the State of Washington for King County but denying Plaintiff's motion for costs and attorney fees.

**TIMELINESS OF REMOVAL**

5.  This Court's Order of February 28, 2023 held that the initial pleading in this case was not removable because Defendant had not established by a preponderance of the evidence that the asserted claims met the required threshold of $5 million in damages and fees. When the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)

6.  On December 12, 2023, Plaintiff's counsel submitted a mediation brief disclosing, for the first time, that they calculated "exemplary damages, interest, and attorney fees

NOTICE OF REMOVAL - 2
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

as amounting to total liability of $10,234,333," which they asserted was "a conservative calculation" of damages in this matter. Declaration of Ed Choi, ¶ 2, Ex. 1. This was the first paper received by Defendant which contained an amount in controversy for this matter. *Id*.

7. A letter prepared for purposes of mediation reflecting a settlement demand or damages estimate in excess of the jurisdictional minimum constitutes "other paper" sufficient to provide notice that a case is removable under 28 U.S.C. § 1446. As the Ninth Circuit held in *Babasa v. LensCrafters, Inc.*, mediation privileges provided by state law apply only "with respect to an element of a claim or defense as to which State law supplies the rule of decision." 498 F.3d 972, 974 (9th Cir. 2007) (holding that the defendant was put on notice as to the amount in controversy to start the thirty-day removal window upon receipt of the plaintiff's mediation letter). In the context of removal, "[f]ederal law governs the determination whether a case exceeds the amount in controversy necessary for a diversity action to proceed in federal court." *Id*.

8. This notice of removal is timely because it is brought within thirty days of the date that Defendant first ascertained that the case was removable based on Plaintiff's calculation of alleged total liability in the amount of $10,234,333. Moreover, the one-year limitation on removal does not apply to cases removable under CAFA. 28 U.S.C. § 1453.

**FEDERAL JURISDICTION**

9. Any civil action filed in a state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

NOTICE OF REMOVAL - 3
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

10. As set forth more fully below, this action is removable because this Court has original jurisdiction under CAFA, and it may be removed from King County Superior Court pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the aggregate, minimal diversity exists between the parties, and the amount in controversy based on individual class members' aggregated claims exceeds the sum of $5,000,000, exclusive of interest and costs.

**The Removed Action Is a "Class Action" Subject to CAFA Removal**

11. This case is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) and is therefore removable under the provisions of CAFA.

12. Plaintiff brings this action "as a class action" under Washington Superior Court Rule 23 on behalf of: "All individuals who are or have been employed by Fred Meyer in the State of Washington at any time since the activation of the new payroll system, which is believed to have occurred in September 2022, through the date of final disposition of this action." Compl., at ¶ 8. Fred Meyer employed 16,249 individuals in the State of Washington as of December 27, 2022. Accordingly, the proposed class consists of at least 100 members in the aggregate.

13. Rules 23(a) and (b)(3) of the Washington Superior Court Rules authorize actions to be brought by "one or more" persons who may "sue or be sued as representative parties on behalf of all" and are materially identical to Federal Rules of Civil Procedure 23(a) and (b)(3). Thus, actions under Washington Superior Court Rules 23(a) and (b)(3) qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action. 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. §

NOTICE OF REMOVAL - 4
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1711(2).

**This Action Satisfies CAFA's Minimal Diversity Requirement**

14. CAFA extends federal jurisdiction over any class action where there is "minimal diversity" between any class member and any defendant. Minimal diversity is met when any member of a class of plaintiffs is: (1) a citizen of a state different from any defendant; (2) a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (3) a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2)(A)-(C).

15. Plaintiff's last known address reflected in the Complaint shows that she is a citizen and resident of the State of Washington. *See* Compl. at ¶ 6.

16. Defendant is incorporated in Ohio and its principal place of business is in Ohio with offices in Portland, Oregon. Defendant is registered to do business in Washington.

**The Amount in Controversy Exceeds $5 Million**

17. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6).

18. As demonstrated above, Plaintiff has "conservatively" calculated total potential liability in this case as $10,234,333. Accordingly, the total amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000.

**OTHER REQUIREMENTS**

19. The United States District Court for the Western District of Washington is the district and division within which the state court action was pending (*i.e.*, the Superior Court

NOTICE OF REMOVAL - 5
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

of the State of Washington for King County).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

21. In accordance with 28 U.S.C. § 1446(d) and CR 101 of the Local Rules of the Western District of Washington, a copy of this notice is being concurrently filed in the Superior Court of Washington for King County and concurrently served upon Plaintiff. Within fourteen days of filing of this notice of removal, Defendant shall file true and correct copies of all additional records and proceedings from the state court proceedings with verification by defense counsel.

22. By seeking removal, Defendant does not waive, and expressly reserves, all rights, defenses, or objections of any nature that it may have to Plaintiff's claims.

///

///

///

///

///

///

///

///

///

///

///

///

///

NOTICE OF REMOVAL - 6
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

WHEREFORE, Defendant gives notice that this action is hereby removed from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington.

DATED this 8th day of January, 2024.

*s/ Susan K. Stahfeld*
Susan K. Stahlfeld, WSBA No. 22003
susan.stahlfeld@millernash.com

*s/ David E. Worley*
David E. Worley, WSBA No. 46948
dave.worley@millernash.com

*s/ Ed Choi*
Ed Choi, OSB No. 135673 *(pro hac vice)*
ed.choi@millernash.com
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: (206) 624-8300
Facsimile: (206) 340-9599

Attorneys for Defendant Fred Meyer Stores, Inc.

NOTICE OF REMOVAL - 7
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

# CERTIFICATE OF SERVICE

I hereby certify that on January 8th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Damian S. Mendez<br>Mendez Law Group, PLLC<br>3317 36th Ave South, Unit B<br>Seattle, WA 98144<br>Email: mendezlaw@gmail.com | ☐ via Hand Delivery<br>☒ via U.S. Mail<br>☐ via E-Service<br>☒ via Email<br>☒ via CM/ECF |
| Richard B. Myers<br>Bennett Hartman<br>210 SW Morrison St.<br>Portland, OR 97204<br>Email: Richard@bennetthartman.com | ☐ via Hand Delivery<br>☒ via U.S. Mail<br>☐ via E-Service<br>☒ via Email<br>☒ via CM/ECF |

Under the laws of the United States of America and the state of Washington, the undersigned hereby declares, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Vancouver, Washington, on January 8th, 2024.

*s/Ed Choi*
Ed Choi, OSB No. 135673 *(pro hac vice)*

4891-7994-0503.2

CERTIFICATE OF SERVICE - 1
Case No. _____

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104